BENJAMIN F. IRVINE Plaintiff in Error, *vs.* JOHN R. IRVINE, Defendant in Error.

#### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

In an action to cancel a deed executed during the infancy of Plaintiff, he should show affirmatively that he has attained his majority before commencing the action. There can be no implication in his favor, as to his age, from the mere fact that he has commenced an action in his own name. The nature of the relief he seeks, requires him to show that he was a minor at the time of executing the deed, and the presumption is that such condition continues until he negatives it.

Statement of Case:

This is an issue of law raised by Defendant's demurrer to Plaintiff's complaint.

The plaintiff's complaint shows that on the 8th day of October, A. D. 1849, certain letters patent were duly issued to the Plaintiff by the United States Government, conveying to him certain lands now situate in Ramsey County, this State, under which letters patent he duly entered upon and took possession of such lands; that prior to the issuance of the patent, but after the purchase of the lands, and on the 8th day of May, A. D. 1849, the Plaintiff being then in his legal minority, and greatly under the influence of the Defendant, who is an elder brother of Plaintiff, and yielding to certain threats, undue influences, misrepresentations and ill practice employed by Defendant upon the Plaintiff, did, without any consideration therefor, execute to the Defendant and acknowledge a certain deed of conveyance of all the aforesaid lands,

8

said deed being subsequently recorded. This deed is set forth in the complaint in *hæc verba*, and shows that the nominal consideration of the deed was $500. The lands are alleged to be situate in St. Paul, and to have been at the time of the execution of this deed, and to be now, of great value. The Plaintiff seeks the surrender and cancellation of this deed.

To this the Defendant interposes his demurrer, which presents the following three distinctive grounds of objection to the Plaintiff's complaint, viz:

1st. That the complaint does not show the Plaintiff to be in possession of the lands described in the deed, of which he seeks the surrender and cancellation.

2d. That the complaint does not allege the exact age of the Plaintiff when he made the deed.

3d. That the complaint shows no excuse or reason for the lapse of so much time before the bringing of this action by the Plaintiff.

Points and authorities of the Plaintiff in Error :

As to the objection that the complaint does not show the *exact* age of the Plaintiff when he executed the deed.

It would not be deemed necessary to treat this objection seriously, had not the learned Judge of the Court below intimated to counsel that he had sustained the demurrer upon this ground, and this alone.

Doubtless the non-age or infancy of the Plaintiff, when in question, must be clearly and positively averred, and this is usually done in these terms : That he is, or was, " an infant within (or under) the age of twenty-one years." 2 *Chitty's Pl.*, 32 *and* 33; 3 *ibid*, 893.

There is nothing in the principles of pleading, nor in the practice of Courts, nor in our statutes, rendering it necessary that the *exact* age of the infant should be stated, nor that the fact of infancy should be more positively and certainly averred than other facts. 3 *Chitty's Pl.*, 909, *a, note* (*b*); *Ibid*, 956, *note* (*w*); *Ibid*, 965, *note* (*w*).

It is true, a case might arise where it would be necessary to set forth the exact age, as, for example, when it would not otherwise appear whether or not the statute of limitations had run against the party since he became of age.

But the present is not such a case; for, construing the pleading most strongly against the pleader, and assuming that the statute of limitations commenced running immediately after the execution of the deed, it will yet be seen that less than ten years elapsed between the execution of the deed and the commencement of this action.

In the present case, the fact of infancy at the time of the execution of the deed, is clearly, positively and certainly averred, and on what principle more than this can be required, it is impossible to conceive. It may be remembered also, that the same degree of certainty is not required in equitable as in· legal proceedings. 1 *Barb. Ch. Pr*, 38.

Let it be conceded, for the purposes of this issue, if you please, that the Plaintiff became of age at the earliest practicable moment after the execution of the deed, consistently with the fact that when he executed such deed he was an infant; and let the Defendant take whatever he may by such a construction. This, at most, is all that can be demanded by the Defendant under the pleadings in the present case.

Points and authorities of Defendant in Error:

*First.*—The complaint of the Plaintiff does not state facts sufficient to constitute a cause of action. *The Dub. & Wicklow R. W. Co. vs. Black*, 16 *Eng. Com. L. & Eq. R.*, 556.

*Second.*–That when a person seeks to avoid his deed on the plea of infancy, he must assert his right to do so within a reasonable time after he attains his majority, or show some good cause for not having done so; and that he has done so within a reasonable time, or his excuse for not having done so, must appear affirmatively from his pleadings. *Dublin & Wicklow Railway Co. vs. Black*, 16 *Com. L. & Eq. R.*, 556.

*Third.*—That when a party seeks to avoid his deed upon the ground of infancy, he must show affirmatively, by his pleadings, every act and fact essential to his right to recover, even though he should be thus compelled to aver a negative. A re-entry, or something equivalent, is necessary to maintain the action. *The Dublin & Wicklow Railway Co. vs. Black*, 16 *Com. L. & Eng. R.*, 556; *Hoyts vs. Chapin*, 6 *Vt. R.*, 42; *Taft vs. Pike*, 14 *Vt. R.*, 405; *Eubanks vs. Peake*, 2 *Bailly*, 497; *Walker vs.*

*Ferrier*, 4 *Vt. R.*, 523; *Baker vs. Lovett*, 6 *Mass.*, 78; *Bingham on Infancy*, 65.

*Fourth.*—That an infant cannot avoid his deed during his nonage. *Bool vs. Mix*, 17 *Wend.*, 119; 3 *Burroughs*, 1801, &c.; 5 *Bacon's Abridg't*, 141; 1 *Amer. Lead. Cases*, 242, &c., *and the authorities cited generally, which discuss the questions of infancy; Bingham on Infancy*, 60, 61, *and Notes.*

*Fifth.*—The complaint is defective and demurrable, on account of several causes of action being improperly united in same count.

ALLIS & PECKHAM, Counsel for Plaintiff in Error.

D. COOPER, Counsel for Defendant in Error.

*By the Court*—ATWATER, J. The Plaintiff in error brought his action in the Court below to compel the Defendant to surrender and cancel a deed executed and delivered by the Plaintiff, as the complaint alleges during his minority. The Defendant demurred to the complaint, and the demurrer was sustained. The Plaintiff brings this case before this Court by writ of error.

One of the grounds of objection raised by the demurrer, and the only one we deem it necessary to notice is, that the complaint does not state the age of the Plaintiff. We think this objection well taken, and that the Court below was right in sustaining the demurrer. The counsel for the Plaintiff in error claims that the presumption of law is, that a party commencing his action in Court, is of full age, and entitled to maintain the action in his own name, until the contrary is shown. In most actions this is true, but the case at bar forms an exception. For the whole cause of action in this case is based upon an act done by the Plaintiff during infancy, and the Plaintiff being in Court, is compelled to plead that the act was done during his infancy. The age of the Plaintiff at the time of the execution of the deed is not stated, nor is there anything in the complaint from which the Court can infer that the Plaintiff has attained his majority. The nature of the relief he seeks, requiring the Plaintiff, after he appears in

Court, to show himself a minor at the time of doing a certain act, the presumption is that such condition continues until the Plaintiff himself negatives it. The pleading of a party must be taken most strongly against himself, and there can be no implication in favor of the Plaintiff as to his age, from the mere fact that he has commenced an action in his own name. Such implication can only obtain where the pleading of a party does not negative the presumption in his favor. And being in presumption of law an infant, the action cannot be maintained, for he has not a status in Court in his own name, nor, aside from this, can he disaffirm his contract until he arrives at full age. (*Jackson vs. Carpenter*, 11 *John*, 539 ; 14 *John.* 124 ; *Tucker vs. Moreland*, 10 *Pet.* 58 ; *Bigelow vs. Kinney*, 3 *Verm.* 353 ; 1 *Hayw.* 143 ; *Reeves Dom. Relations* 254 ; 4 *Sandf.* 418.)

The judgment below must be affirmed.