Blaie, J.
The sole question presented for the decision of the court in this case is, did the court below err in sustaining the amended demurrer filed by the defendant in error to the plaintiff’s petition? The alleged causes of demurrer are as follows :
First. That the court has no jurisdiction of the person of the defendant or the subject of this action, for the reason that the nature of the allegations constituting the plaintiff’s cause of action, as set forth in said petition, are such that they are properly cognizable only iu a court of equity. Second. That there is a defect of parties plaintiff in this: that it appears upon the face of said petition that said action is brought by the wrong plaintiff, and that John T. Purcell and W. A. Williams are the proper parties plaintiff, and are necessarily parties, to said suit. Third. That the petition does not state facts sufficient to constitute a cause of action.
Assuming that the pleader, when he made his assignment.of alleged errors in the order given above, had in.mind and fully recognized the truth of the old saying, that the best of the wine should always be reserved for the last of the feast, I will consider the last assignment first; namely, that the petition does not state facts sufficient to constitute a cause of action. Whether the old rule, that a demurrer only admits what is well pleaded, or whether, as decided in the case of Stewart v. Balderston, 10 Kan. 131, that under the Code practice everything stated should be taken as true, whether well pleaded or not, I deem it unnecessary in this case to discuss. Bet it suffice for me to say that the defendant, by his demurrer, admits the truth of the allegations in the plaintiff’s petition, — at least, in so far as is necessary to determine the question raised, if no further, — but challenges the right of the plaintiff to recover upon the facts stated.
By a careful examination of the plaintiff’s petition I am fully satisfied that the court below committed no error in sustaining the defendant’s demurrer. The first defect in the plaintiff’s petition is that it wholly fails to state the kind or character of the property insured, or where located, — whether on American soil or on the ever-burning sands of the desert of Sahara. The pleader contents himself by merely averring “that on the ninth day of August, A. D. 1883, at the town of Bara-mie City, (now city of Baramie,) in the county and territory aforesaid, the said defendant, upon written application first duly made, in consideration of a certain premium, to-wit, the sum of $28, to the said defendant then paid, did, by a certain policy of insurance of that date, dul5" executed, insure one W. A. Williams against loss or damage by fire to the amount of $4,000; (a true and correct copy of which said policy of insurance is hereunto attached, marked ‘Exhibit A,’ and is hereby made a parthereof.) ” It will beobserved, all that is alleged in this allegation is that on the day named, in the county of Albany, that the defendant, in consideration of the sum of $28, did insure Williams, generally, against loss or damage by fire to the amount of $4,000. Nor does it appear in any other part of the petition what kind of property was insured, but leaves the defendant and the court free to determine for themselves whether it was real, personal, or mixed, and where located.
The only other remote allusion in the petition to the property insured isasfollows:
“And the said plaintiff further a vers that afterwards, on the eighth day of September, A. D. 1883, the property insured became and was consumed and wholly destroyed by fire.” •
The able counsel for the plaintiff in error contended, in his argument before this court, that inasmuch as the policy of insurance. discloses the character of the property insured, its location, and the county and territory it is in, that the defect complained of, if it be a defect, is cured; particularly in view of the fact that the policy of insurance is made by an express averment a part of the petition. This contention of counsel of the plaintiff in error brings to the front the question whether, under our Code, the pleader can make an exhibit, even if it be the foundation of the action, a part of the petition.
Section 114, on page 47, of the Compiled Baws of this territory reads as follows;
“If the action, counter-claim, or set-off be founded on account, or a note, bill, or other written instrument, as evidence of indebtedness, a copy thereof must be attached to and filed with the pleadings.”
It would seem, therefore, from the wording of this section, that the pleader has not the authority of the statute, nor can *143 he make an exhibit a part of the petition ; and if he seeks to do so b.v averring that it is a part ¿hereof, it van have only the force and effect it would have if attached to and filed with the pleadings ; namely, as evidence of indebtedness, nothing more, nothing less. It has been repeatedly held that the copy attached and filed with the pleadings forms no part of the pleadings, and that the exhibit will not be looked to on demurrer to the pleading to aid its sufficiency. Larimore v. Wells, 29 Ohio St. 13; Watkins v. Brunt, 53 Ind. 208; Railroad Co. v. Parks, 32 Ark. 131; Bowling v. McFarland, 38 Mo. 465.
To grant the correctness of the contention of the counsel for the plaintiff in error would be to say that the omission of all, or of any one, of the necessary and material averments required in a petition to constitute a cause of action, can be supplied by reference to an exhibit, when it is averred that the exhibit is made a part of the pleadings. Surely this cannot be done. The petition, and the petition alone, must state the necessary and material facts constituting a cause of action. If it does not, it must be held bad on demurrer. City of Los Angeles v. Signoret, 50 Cal. 298.
The supreme court of Arkansas has held that a reviewing court will look at an exhibit so as to sustain the ruling of the court below on demurrer, when the exhibit is made a part of the record, (Buckner v. Davis, 29 Ark. 444; also, Holman v. Patterson’s Heirs, Id. 357, 362;) but I know of no state, save one, in which it has been held that the court will look to an exhibit to supply the omission of a material allegation in the petition, even though the exhibit can be and is made a part of the petition.
Again, while the petition alleges that it was on the ninth day of August, A. D. 1883. that the policy of insurance was executed and delivered by the defendant to Williams, it wholly fails to state for what period of time the defendant insured Williams against loss and damage by fire, —whether for one day only, or during the natural life of said Williams, or the existence of the company, or both. ' This omission I hold is fatal, and cannot be cured by fishing among the exhibits to ascertain how the matter is.
Still again, the petition alleges that the property insured was destroyed by fire on the eighth day of September, A. D. 3883; but whether the policy of insurance was still alive and' in force on that day, or whether its spirit had long before that eventful day taken its flight, the petition is as silent as the grave. An allegation in the petition that the policy of insurance was in full force and effect, and had not expired or been canceled at the time the property was consumed by fire, is an indispensable averment; for without it the plaintiff’s claim of right to recover would be at best the merest delusion, even if no demurrer was interposed.
There were a multitude of other points argued and assumed by counsel, raised by the defendant’s demurrer, and which the court was asked to decide. I do not deem it necessary or prudent to do so: not necessary,forthe reasons I have given above, it being too evident that the judgment of the court below must be affirmed; not prudent, lest a like atmospheric phenomenon should be again created, as one of the counsel who argued this caseforthe plaintiff in error declared existed when he exclaimed “that the very atmosphere was filled with interrogation points.” The judgment of the court below, sustaining defendant’s demurrer, affirmed.
All the judges concurring.