## HARTFORD FIRE INSURANCE CO. v. KAHN.

PLEADING—EXHIBITS—PETITION ON FIRE INSURANCE POLICY—PRE-
SUMPTIONS.

1. An exhibit attached to a petition, and therein referred to as a part thereof, is not a part of the petition, and cannot be referred to or examined to determine the sufficiency of the petition, or to supply allegations omitted therefrom. (Johnson v. Home Ins. Co., 3 Wyo. 140, approved and followed.)

2. In an action on a fire insurance policy it is necessary that the petition set forth a contract of insurance subsisting at the time of the loss, and a breach thereof, to enable the plaintiff to recover.

3. The petition averring the making of the contract, without stating the duration of the policy, and also alleging that plaintiff then and thereafter until the loss had an insurable interest as owner in the property insured; the contract will be presumed to have continued, in the ab-

sence of any showing to the contrary, or until a different presumption is raised from the nature of the contract or other established circumstances; and the absence of a direct allegation that it was in force at the time of the fire, did not render the petition insufficient. (Johnson v. Home Ins. Co., 3 Wyo. 140, overruled.)

4. When the fair meaning of the language of the petition is that the duration of the policy was for an indeterminate period of time, the court cannot assume that there was a fixed limit to its duration, from the possible fact that such a contract of insurance may be out of the usual course of business.

5. A presumption of law need not be pleaded.

6. When a state of things is once established by proof or allegation, the law presumes that state of things to continue to exist as before until the contrary is shown, or until a different presumption is raised from the nature of the subject in question.

[Commenced in District Court April 16, 1891. Decided December 1, 1893.]

ERROR to District Court of Laramie County, HON. RICHARD H. SCOTT, Judge.

Action on a fire insurance policy. The facts are fully stated by Mr. Justice Clark, who delivered the opinion of the court.

*Lacey & Van Devanter,* for plaintiff in error.

The petition is insufficient for failure to aver a subsisting contract of insurance at the time of the fire. The copy of the policy attached to the petition is no part of it, and cannot be referred to to supply essential omitted allegations. (Johnson v. Home Ins. Co., 3 Wyo., 140; Larimore v. Wells, 29 O. St., 13; Memphis Med. Col. v. Newton, 2 Handy, 163; Olney v. Watts, 43 O. St., 499; Curry v. Lackey, 35 Mo., 389; Bowling v. McFarland, 38 id., 465; C. W. West & Co. v. Dodsworth, 1 Disney, 161; Gebhard v. Gardner, 12 Bush., 321; Hall v. Barrett, 14 B. Mon., 83; Los Angeles v. Signoret, 50 Cal., 298; Buck v. Fischer, 2 Col., 182; Brooks v. Paddock, 6 id., 36; Hooker v. Gallagher, 6 Fla., 351; Blackwell v. Reid,

41 Miss., 102; Marshall v. Hamilton, id., 229; Baker v. Berry, 37 Mo., 306; Kern v. Ins. Co., 40 id., 19; Phillips v. Evans, 64 id., 17; Burch v. Young, 2 West L. M., 550.) It is also insufficient because it fails to show that the proofs of loss were received by the company sixty days before the action was brought. This was necessary, as the company's liability did not accrue until sixty days after it received the proofs. (Doyle v. Phœnix Ins. Co. 44 Cal., 264; Cowan v. Phœnix Ins. Co., 78 id., 181; Carberry v. German Ins. Co., 51 Wis., 605; Wilson v. Ætna Ins. Co., 27 Vt., 99; Home Ins. Co. v. Lindley, 26 O. St., 348; Seliver v. Coe, 63 N. Y., 438; Porter v. Kingsbury, 5 Hun., 597; 71 N. Y., 588; Reinig v. Buffalo, 102 N. Y., 308; Von Genechtin v. Ins. Co., 75 Ia., 544; Quinn v. Ins. Co., 71 Ia., 615.) The petition having been challenged by demurrer, objection to testimony, and motion for judgment, defendant was entitled to judgment upon the pleadings. (Trimble v. Doty, 16 O. St., 119-129; Bish. v. Van Cannon, 94 Ind., 263.)

*W. R. Stoll,* for defendant in error.

The pleader must plead the contract in hæc verba, either in the body of the pleading or attached thereto as an exhibit. (Rev. Stat., Sec. 2472.) "Attached to and filed with" means, made a part of. The statute (Sec. 2472) is complied with if the instrument is set forth in full in the body of the pleading. (Lambert v. Haskell, 80 Cal., 611; Colchen v. Nuide, 120 Ind., 88; Gage v. Roberts, 12 Neb., 276; Swan's Pl., pp. 197-200; Barnes v. Van Keuren, 31 Neb., 165; Marshall v. Trumbull, 34 Fed., 828; Larimore v. Wells, 29 O. St., 13.) An "exhibit" of the instrument on which an action is founded, attached to the petition may be referred to, to determine the sufficiency of the petition. (Quirk v. Clark, 7 Mont., 31; Pefley v. Johnson, 30 Neb., 529; Lambert v. Haskell, 80 Cal., 611; Ward v. Clay, 82 Cal., 502; Caspary v. Portland, 19 Or., 496; Burks v. Watson, 48 Tex., 114; Mercer v. Herbert, 41 Ind., 459; Loeb v. Barris, 50 N. J. L., 382; Longley v. Carruthers, 64 Tex., 287; Taylor v. McLea, 11 N. Y. Sup., 640; Miller v. Moss, 9 S. W., 257 (Tex.); Milliken v. Callahan Co., 69 Tex.,

205; Ledbetter v. Davis, 121 Ind., 119; Madigan v. West Coast F. Ins. Co., 3 Wash. St., 454; Benedix v. German Ins. Co., 78 Wis., 77; Abbot's Tr. Brief Am. Pl., Secs. 228-246.) Petition shows on its face that action was not prematurely brought. It will be presumed that proofs were furnished immediately, and there were 110 days after fire before suit. To sustain a motion to dismiss it must appear affirmatively that action was prematurely brought. It would constitute a good defense. (Maynard v. Talcott, 2 Barb., 570; Smith v. Holmes, 19 N. Y., 271.) Pleadings should be construed to harmonize the several averments. (Germania Ins. Co. v. Deckard, 3 Ind. App., 361.) A petition setting forth a good cause of action defectively cured by verdict. (Laflin v. Rand Powd. Co., Ill., 21 N. E., 519; Bogenschutz v. Smith, 84 Ky., 330.) Subsequent proof of the omitted facts cures error in denying motion to dismiss. (Lownsbury v. Purdy, 18 N. Y., 521; A. C. Com. Co. v. Little Suamico L. Co., 55 Wis., 580.) After answer an objection to petition that it fails to state facts sufficient to constitute a cause of action is good only in case of a total failure to allege some essential matter. (Laithe v. McDonald, 7 Kan., 166; Neeagher v. Morgan, 3 Kan., 366; Mitchell v. Milhoans, 11 Kan., 617; Moodey v. Arthur, 16 Kan., 425; Bogenschutz v. Smith, supra; Bowie v. Kansas City, 51 Mo., 461.) It was alleged in the answer that proofs were not furnished within sixty days after the fire, which was denied in reply. Thus the specific question was in issue and passed upon by the jury. The alleged defect was therefore cured by verdict. (Wagner v. Mo. P. R. R. Co., 97 Mo., 512; Harkness v. McLain, 8 Utah, 52; Garth v. Caldwell, 72 Mo., 622; Hubbard v. Moore, 132 Ind., 178; Ferara v. Parke, 19 Or., 141; Murray v. Meredith, 25 Ark., 164; Gould Pl., Sec. 13, p. 463; 1 Chitty Pl., 402.) Denial of motion to dismiss is not reversible error. (Rev. Stat., Sec. 2502; Clark v. Crego, 51 N. Y., 646; 47 Barb., 599.) If facts show a cause of action when demurrer is filed it must be overruled. (Carberry v. German Ins. Co., supra.)

*Lacey & Van Devanter,* in reply.

The section of the statute providing for attaching a copy of instrument sued on, does not undertake to regulate the manner of stating a cause of action. The rule announced in Johnson v. Home Ins. Co., 3 Wyo., 140, should be followed as it was the established practice in Ohio from which state our code was adopted. It has long prevailed in the courts of this state and is the better rule. The facts stated in petition do not show that the insurance money was due when the action was brought. No inference can be drawn in favor of its being due, because the facts stated do not negative that fact. The plaintiff cannot recover upon anything but the facts stated. The fact that answer set up as a defense a failure to furnish proofs within the time specified does not affect this case. There is no presumption that there was proof of the fact as to proofs. It is not to be presumed that the opinion of trial court was different at the trial from what it was at the time of ruling on demurrer. (Elliott App. Pro., Secs. 591, 668 and 669; Wheeler v. Me. Shing., &c., 30 Ind., 402; Weir v. State ex rel., 96 id., 311; Friddle v. Crane, 68 id., 583; Replogle v. Ins. Co., 31 N. E. (Ind.) 947; Bartges v. O'Neil, 13 O. St., 72.) A verdict can aid a defective statement of title, but not a defective title. (Slocum v. Pomeroy, 6 Cranch, 221; Williams v. Hingham, 4 Pick., 341; Carlisle v. Weston, 1 Metc., 26; Williams v. Germaine, 14 Eng. C. L., 212; Haselton v. Ware, 8 Vt., 480; Needham v. McAuley, 13 Vt., 68; Griffen v. Pratt, 3 Conn., 513.)

CLARK, JUSTICE.

Statement of Facts.—This was an action brought by defendant in error against plaintiff in error in the district court of the county of Laramie to recover upon a policy of insurance issued by the latter. The petition filed in the court below, April 16, 1891, was as follows:

"The above named plaintiff complains of the above named "defendant, and for cause of action alleges as follows, to wit:

"1. That the defendant is a corporation duly created by "and under the laws of the State of Connecticut, and doing

"business in the State of Wyoming as a fire insurance com-
"pany.

"2.   That on the thirteenth day of October, A. D. 1890,
"in consideration of the payment by the plaintiff to the de-
"fendant of the premium of twenty dollars ($20), the de-
"fendant, by its agent duly authorized thereto, made its policy
"of insurance in writing, which said policy is annexed as
"a part of this petition, and marked 'Exhibit A,' and thereby
"insured the plaintiff against loss or damage by fire to the
"amount of one thousand dollars ($1,000) upon his stock
"of groceries and provisions, flour, grain and feed, teas, coffees,
"sugars, candy, cigars and tobacco, canned, pickled and bot-
"tled goods, fresh and salted meats, and other merchandise
"not more hazardous usually kept in such stock, all while con-
"tained in the one-story frame, metal-roofed building, sit-
"uated on lot numbered 4, in block numbered 502, southeast
"corner of Eleventh street and Central avenue, in the City of
"Cheyenne, County of Laramie, and State of Wyoming.

"3.   That at the time of making said insurance, and from
"then and until the fire hereinafter mentioned the plaintiff
"had an interest in the property insured, as the owner thereof,
"to an amount exceeding twenty-five hundred dollars ($2,500).

"4.   That on the 26th day of December, A. D. 1890, said
"stock of goods so insured was totally destroyed by fire, which
"did not happen directly or indirectly by invasion, insurrec-
"tion, riot, civil war or commotion, or military or usurped
"power, or by order of any civil authority, or by theft, or
"by neglect of the insured to use all reasonable means to
"save and preserve the property at and after the fire; or by
"explosion of any kind, or lightning."

"5.   That the plaintiff duly fulfilled all the conditions
"of said insurance on his part; and gave immediate notice
"of the said fire to the agents of the said defendant; and
"within sixty days from the date of said fire gave due notice
"and proof of the fire and loss, and duly demanded payment
"of the said sum of one thousand dollars ($1,000.)

"6.   That no part of the same has been paid, and the

"said sum is now due the said plaintiff from the said de-
"fendant.

"Wherefore, plaintiff prays judgment in the sum of one
"thousand dollars ($1,000), together with interest thereon
"from the 26th day of December, A. D. 1890, and costs of this
"suit."

Annexed to the petition and filed therewith was the policy
sued on. To this petition the defendant below filed a general
demurrer, averring that the petition did not "state facts
sufficient to constitute a cause of action," which upon hear-
ing was overruled, and thereafter defendant filed its answer,
in which it set forth four separate defenses, substantially as
follows:

First. It admitted its corporate character and the making
of the policy as alleged, and denied each and every other
allegation in the petition set forth.

Second. It averred that the policy provided that in the
event of loss by fire the assured should give immediate notice
thereof in writing to defendant and within sixty days there-
after render to defendant a particular account of the loss, the
circumstances of the fire, value of property, etc., and also that
loss should not be payable until sixty days after such notice,
proofs of loss, etc., should be received by defendant, and then
alleged that plaintiff did not at any time render such state-
ment or proofs of loss as was by the policy required, nor did
defendant receive sixty days before the commencement of
this action, or at any other time, the said required proofs of
loss, etc.

Third. It alleged that by the terms of the policy it was
provided that in case of any fraud or false swearing by assured
touching any matter relating to said insurance, the policy
should be void, and averred that plaintiff had been guilty
of false swearing in this that he knowingly and wilfully and
with intent to cheat and defraud the defendant, falsely swore
that the value of the property destroyed was four times
greater than it actually was, etc.

Fourth. That the policy provided that in case of other
insurance the loss should be apportioned among the several

insurers; that on the property insured by defendant there was other insurance in the sum of $1,500.00; that plaintiff's entire loss did not exceed $400.00, and therefore defendant, if liable at all, was not liable for any greater sum than $200.00.

To the defendant's second, third and fourth defenses as above stated, plaintiff filed a reply in which he generally denied each and every allegation therein set forth.

Thereafter on the 21st day of December, 1891, the cause came on for trial before a jury; before any evidence was introduced the defendant objected to the introduction of any evidence upon the grounds that the petition did not state facts sufficient to constitute a cause of action. The objection was overruled by the court and exception duly preserved. The trial was proceeded with and continued from day to day until the 28th day of December, 1891, when it was submitted to the jury. The jury rendered a verdict in favor of the plaintiff for $800. On December 31, 1891, defendant filed its motion for a new trial upon the ground that the court erred in permitting any evidence to be introduced upon the trial over defendant's objection.

On January 11, 1892, defendant's motion for a new trial was heard and overruled by the court, to which defendant duly excepted. Whereupon defendant filed its motion for judgment in its favor upon the pleadings, notwithstanding the verdict for plaintiff, which motion was overruled by the court, to which ruling defendant duly excepted. And thereupon the court rendered judgment for plaintiff upon the verdict of the jury.

The plaintiff in error, the defendant below, brings the cause here upon petition in error, assigning as error that

1. The court erred in overruling and denying the motion of the defendant for judgment in its favor, notwithstanding the verdict for the plaintiff.

2. The court erred in rendering judgment for plaintiff.

3. The court erred in overruling defendant's motion for a new trial.

4. The court erred in overruling the defendant's demurrer to plaintiff's petition.

5. The judgment rendered for the plaintiff is contrary to law in that plaintiff's petition does not state facts sufficient to constitute a cause of action, and does not state facts sufficient to support a judgment for the plaintiff.

Opinion of the Court.—It is apparent that the principal question in this case is, does the petition state facts sufficient to constitute a cause of action?

At the outset we have the contention of plaintiff in error that in this state it is settled law that an exhibit attached to a petition and therein referred to as a part thereof is not a part of the petition and cannot be referred to or examined to determine the sufficiency of the petition, or to supply allegations omitted therefrom. On the other hand it is urged upon us that the better rule is that an exhibit attached to a petition and by direct allegation made a part thereof may be regarded as being incorporated to all reasonable intents and purposes in the body of the petition, and hence forms a part thereof. I am of opinion that the better rule is as contended for by plaintiff in error: That under our code requiring the petition to contain "a statement of the facts constituting the cause of action in ordinary and concise language" the better method of pleading upon such an instrument as the one here is to set forth its legal effect in the body of the petition. While it was permissible at common law to attach the exhibit and refer to it in the petition as a part thereof, and is still permissible in all the code states, I think, to set forth the instrument sued on in the petition "in hæc verba," still it would seem that such a system of pleading is objectionable as permitting the pleading of evidence. But without further discussing the advantage of either rule, and much can be and by the courts has been said upon both sides of the question, it is to be said that the rule requiring the petition itself to fully state the plaintiff's cause of action, and not recognizing an exhibit as part of the petition, was the established practice in Ohio, and the construction there given to the code, which we adopted from that state. In adopting the code of that state, I think we adopted

it with the construction there given it. Again, it has long been the established practice in the district courts of this state and was certainly declared to be the true rule by our Territorial Supreme Court in Johnson v. Home Insurance Co., 3 Wyo., 140 (6 Pac. Rep., 729). And for these reasons I am of opinion that it is better to adhere to the established and generally accepted practice heretofore prevailing. In this view of the question counsel for plaintiff in error contends that it does not appear from the petition by express averment or otherwise that the policy sued on was in force and effect at the time of the fire; that the petition does not state the duration of the policy, nor that the loss occurred during its life; that to entitle the plaintiff to recover it was necessary for the petition to show a subsisting contract of insurance between plaintiff and defendant at the time of loss, and nothing of this sort being shown by the petition, it was consequently fatally defective, and set forth no cause of action.

Counsel for defendant in error endeavors to avoid the force of plaintiff's argument by insisting that the policy annexed to the petition as an exhibit, and referred to in the petition as a part thereof, should be considered as a part thereof, and he practically admits that if the exhibit cannot be looked to, the petition is defective in the matters complained of. I am unable to wholly agree with counsel on either side. I fully agree with counsel for plaintiff in error, that the petition must set forth a contract of insurance subsisting at the time of the loss and a breach thereof to enable the plaintiff below to recover. The point of difference between us is that in my judgment the petition does allege a subsisting contract of insurance at the time of the loss, and a breach thereof. The language of the petition is: "That on the 13th day of Octo-"ber, 1890, in consideration of the payment by the plaintiff "to the defendant of the premium of twenty dollars ($20.00) "the defendant by its agent duly authorized thereto, made "its policy of insurance in writing, which said policy is "annexed as a part of this petition and marked 'Exhibit A,' "and thereby insured the plaintiff against loss or damage by "fire to the amount of one thousand dollars upon his stock

"of groceries, etc. * * * * * That at the time of making "said insurance and from then and until the fire hereinafter "mentioned the plaintiff had an interest in the property in- "sured, as the owner thereof, to an amount exceeding twenty- "five hundred dollars ($2,500.00). That on the 26th day of "December, A. D. 1890, said stock of goods so insured was "totally destroyed by fire," etc.

Now, for the purposes of the demurrer, it must be assumed that the plaintiff has correctly pleaded his contract with the defendant, and inasmuch as it is evident he has pleaded it according to its legal effect rather than in hæc verba, it must be assumed that the petition properly states its legal effect, and, while we will not look to the exhibit for the purpose of aiding the petition, we will not on the other hand look to it for the purpose of hurting the petition. Such being the case, upon what principle can we assume that there was any other limitation upon the life of or duration of the policy sued on than that which the law implies, viz.: that the policy as a contract of indemnity ordinarily will not be deemed to continue in force any longer than the assured's insurable interest in the property insured continues. May on Ins., Secs. 100 and 100a. Nor after its satisfaction by payment of the amount stated, in the event of loss.

There is nothing in the nature of the insurance business nor is there anything in the policy of the law, of which I am aware, which would prevent an insurance company, if it saw fit, from making a permanent policy of insurance to continue indefinitely; and from the allegations in the petition (closing our eyes to the exhibit, which we will consider legally absent, though actually present) such seems to have been the case here. Such a contract of insurance possibly may be out of the usual course of business, but that fact, if it be a fact, does not authorize the court to assume in this case that there was a fixed limit to the duration of the policy, when the fair meaning of the language of the petition is that its duration was for an indeterminate and unfixed period of time.

I am aware that there are authorities which hold that the fixing of the duration of the risk is an essential requisite

to a valid contract of insurance. Strohn v. Hartford Fire Ins.
Co., 37 Wis., 625; Baptist Church v. Brooklyn F. Ins. Co., 28
N. Y., 153; Tyler v. New Amsterdam F. I. Co., 4 Robert
(N. Y.), 155; 1 Wood on F. Ins., pp. 16 and 47 and note.

But in all of these cases suits were brought upon alleged
parol contracts to insure, and the question at issue was not the
construction of the contract, but whether there was a contract
of insurance, that fact being asserted on the one hand and
denied on the other, and it was held that in the absence of
evidence showing the amount of premium, duration of risk,
etc., it would be deemed that the minds of the parties did not
meet, and hence there was no agreement.   But here the
making of the contract is admitted, and for the purpose of this
question its terms stated, and the only question here is one
of construction; and in my judgment, by fair construction
the petition alleges an agreement on the part of the defendant
based upon a sufficient consideration to pay to plaintiff the
amount of his loss (not exceeding one thousand dollars) by
fire of certain described property, in the event of such loss from
such cause.   And certainly such a promise is valid and bind-
ing and may be enforced when the contingency happens, it
matters not whether it happens in one year or in fifty years
after the making of the promise.   But again:  It is a familiar
rule of pleading that presumptions of law need not be stated.
Bliss on Code Pleadings, Secs. 175 and 176; Boone on Code
Pleadings, Sec. 11; Revised Statutes Wyo., Sec. 2740.

And it is also a familiar rule of law that when a state of
things is once established by proof or allegation, the law pre-
sumes that state of things as established continues to exist
as before, until the contrary is shown, or until a different
presumption is raised from the nature of the subject in
question.   1 Greenleaf on Evidence, Secs. 41-42; 2 Wharton
on Evidence, Secs. 1284-1289; 2 Best on Evidence, Secs. 405-
406.

. As Mr. Greenleaf states in Sec. 41, supra, this 'presumption
is founded upon the experienced continuance or permanency,
of. longer or shorter .duration, in .human. affairs.".  And in.
this case we must assume that the policy of insurance sued

on meant something, that it had a substantial purpose and meaning—in other words, that the assured was insured thereby for some length of time, otherwise we would have to assume that plaintiff paid the twenty dollars premium for a mere idle, useless thing, and that in making the policy the defendant intended to deliver to plaintiff a useless and valueless paper, both of which assumptions would be absolutely without legal foundation. The contract of insurance then being of such a nature that it must have had some duration, it will in the absence of any showing to the contrary, or until a different presumption is raised from, the nature of the contract, or other established circumstances, be presumed to have continued, and certainly there is nothing in this case which tends to raise the presumption that the policy had expired. Schroeder v. Trade Ins. Co., 109 Ill., 157, at p. 163., overruling upon this point 12 Ill. App. Court, R. 653. 2 May on Ins., 3rd Ed., Sec. 401.

The case just cited is the only authority I have been able to find in which the doctrine of the presumption of continuance has been applied to the duration of an insurance policy, but the principle is well settled, as a few illustrations will show.

It is absolutely essential that a plaintiff suing upon an insurance policy should show an insurable interest as well at the time of the loss as at the time of procuring the policy, yet it seems to be well settled that if in such suit he avers only an interest at the time of taking out the policy, that interest in the absence of any showing to the contrary will be presumed to have continued up to the time of loss, and the petition will not be open to demurrer for failing to expressly allege interest at time of loss. Roussell v. St. Nicholas Ins. Co., 41 N. Y. Sup. Ct. R., 282; 2 Wood on Ins. (2d Ed.), Sec. 519, p. 1132.

In a suit upon a judgment it is essential to plaintiff's right to recover that the judgment should be in full force and effect when sued upon, yet it is only necessary to allege the rendering of the judgment and its entry; until something to the con-

trary is shown it will be presumed to have continued in full force and effect.   Campbell v. Cross, 39 Ind., 155.

In a suit for divorce it is as a rule essential to plaintiff's right to recover that there should be a subsisting contract of marriage between plaintiff and defendant at the time of the commencement of the suit;  yet if plaintiff alleges a contract of marriage at some time prior to the suit, that contract will upon demurrer to a petition failing to allege the continuance of the relation, be presumed to have continued and to be subsisting.   So also with a contract of partnership.   In a suit upon a promissory note it is essential to plaintiff's right to recover that he should be the legal owner and holder of the note at the time of suing, yet if he avers that the defendant made the note to him, and fails to aver that he is still the owner and holder thereof, it will be presumed in the absence of a showing to the contrary that he is still such owner and holder, and a demurrer to his petition upon that account will be overruled.   Jaeger v. Hartman, 13 Minn., 58.

In Irvine v. Irvine, 5 Minn., 61, the plaintiff brought suit to cancel a deed made by him in infancy.   In his petition he did not expressly allege that he had reached his majority at the time of bringing the suit.   On demurrer to the petition it was held that having alleged his infancy and not having shown anything to the contrary it would be presumed that his infancy continued, notwithstanding the usual presumption that one who brings an action is an adult.   These illustrations are sufficient to show that the principle runs through the entire body of the law, and I can conceive of no good reason why there should be an exception in the case of an action upon an insurance policy to a rule of pleading so uniformly recognized and so fully in accord with the elementary principles of the law.   Although I have searched diligently I have only found one case which in anywise conflicts with the views above expressed as to this rule of pleading, and that is Johnson v. Home Ins. Co., supra.   In that case it is positively stated that "an allegation in the petition that the policy of "insurance was in full force and effect and had not expired "or been canceled at the time the property was consumed by

"fire is an indispensable averment." Under this doctrine, if the plaintiff below had alleged that the term of his policy was from a day certain to a day certain—the term covering the date of the loss—the petition would have been open to demurrer, unless he further alleged "that the policy had not been canceled;" and, further, the legal conclusion "that it was still in full force and effect." The logical deduction from the above decision is, that in a petition upon a policy of insurance, which does not set forth all the conditions of the policy, the court will not only assume the existence of a provision authorizing its cancellation by the insurer, but will also require the plaintiff to negative the remote possibility of this right of cancellation having been exercised by the defendant company. No authority whatever is given for this ruling upon this particular question, and it would seem from a reading of the opinion that this proposition was simply taken for granted.

I have carefully examined the briefs of counsel in the case mentioned, and in them there is no mention of the question of the duration of the policy—and no question suggested as to its being in force and effect at the time of the loss. Not only this, but the record, which is now to be found among the files of the late Territorial Supreme Court, show that the only order made in the trial court, in the case, was an order sustaining a demurrer to the petition. No final order of any kind had been entered, and hence it would seem that the Territorial Supreme Court was wholly without jurisdiction to do or say anything about the case, except only to make an order dismissing the appeal. But notwithstanding this, if I were not thoroughly convinced that the decision upon this particular matter was wholly contrary to the settled principles of the law, as well as a uniform line of adjudications, I would willingly yield my own convictions to it, but I think it is an illustration of what is said by Mr. Kent at page 477 of the first volume of his Commentaries: "It is probable that the records of many of the courts in this "country are replete with hasty decisions; and such cases "ought to be examined without fear and revised without

"reluctance rather than to have the character of our law
"impaired, and the beauty and harmony of the system de-
"stroyed by the perpetuity of error."

I have no doubt that the petition was defective and drawn
with little regard to the rules of pleading, but these defects
were all of such a nature that they could have been reached
by a motion to make more definite and certain. I do not
think the petition wholly failed to state a cause of action, and
for that reason I think the demurrer was properly overruled.
Chambers v. Hoover, 3rd Wash. Terr., 107, at page 110;
Van Rensselaer v. Bonesteel, 24 Barb., at p. 370; Stroebe v.
Fehl, 22 Wis., at p. 329; The People ex rel. v. Ryder, 12
N. Y., 434.

The judgment of the district court of Laramie county,
Wyoming, is therefore affirmed in all respects.

Groesbeck, C. J., and Conaway, J., concur.